FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JASON RAY ELLENWOOD,

                    Plaintiff,

      v.

LUKE UNFRED, ALLEN WILSON,
and LT. STOCKWELL,

                    Defendants.

No.   2:24-CV-256-MKD

ORDER DISMISSING ACTION

By Order filed February 20, 2025, the Court advised Plaintiff Jason Ray Ellenwood, an individual currently housed at the Monroe Correctional Complex, of the deficiencies of his Second Amended Complaint (SAC) and directed him to amend or voluntarily dismiss his SAC within thirty (30) days. ECF No. 21. Plaintiff is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

The Court cautioned Plaintiff that if he failed to comply with the directives in the Order, the Court would dismiss his SAC seeking monetary damages and

ORDER - 1

injunctive relief for the alleged violation of his Fourteenth Amendment right to due process and allegations that he was falsely accused and deprived of his property.  ECF No. 21 at 10-13; *see* ECF No. 20 at 5-22.  Plaintiff did not comply with the Court's Order and has filed nothing further in this action.

The Court determined that Plaintiff failed to state a plausible claim for relief in his SAC.  ECF No. 21 at 2, 6-10.  Specifically, the Court noted that Plaintiff failed to state a plausible Fourteenth Amendment due process claim against Defendants related to evidence that was allegedly ignored and Plaintiff's failure to attend the infraction hearing.  *Id*. at 8-9.  The Court also determined that Plaintiff failed to show that his continued placement in minimum custody constituted an atypical and significant hardship in relation to ordinary incidents of prison life. *Id*. at 9; *citing Sandin*, 515 U.S. at 483-84.  Further, the Court found that Plaintiff failed to state how false accusations violated his constitutionally protected rights, and the Court noted that there is no basis in law for Plaintiff's personal property claim under Section 1983.  ECF No. 21 at 7, 9-10.

For the reasons set forth above and in the Court's prior Order, ECF No. 21,

**IT IS HEREBY ORDERED**:

1.    Plaintiff's Second Amended Complaint, ECF No. 20, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

ORDER - 2

2.    Based on the Court's reading of *Harris v. Harris*, 935 F.3d 670, 674-75 (9th Cir. 2019), this dismissal will NOT count as a "strike" under 28 U.S.C. § 1915(g).

3.    The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff, and **CLOSE** the file.  The Clerk of Court is further directed to provide a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.

DATED April 15, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3